IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINCOLN BENEFIT LIFE
COMPANY,

       Plaintiff,

v.                                            CV 14-1077 JCH/WPL

BERTHA GUERRERO, IGNACIA
CISNEROS, JOHN DOE, and
IMARA GUERRERO,

       Defendants.

**INITIAL SCHEDULING ORDER**

This case is assigned to me for scheduling, case management, discovery, and other non-dispositive motions. The Federal Rules of Civil Procedure and the local rules of the Court will apply to this lawsuit.

The parties, appearing through counsel or pro se, shall "meet and confer" no later than twenty-one (21) days before the initial scheduling conference. *See* FED. R. CIV. P. 26(f). The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan (JSR) that follows the sample JSR available at the Court's web site. The blanks for suggested dates are to be filled in by the parties. Actual dates will be promulgated by order of the Court. The time allowed for discovery is generally 180 days. The Plaintiff is responsible for filing the JSR by **July 28, 2015.**

Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

Initial disclosures must be made within fourteen (14) days of the meet-and-confer session. *See* FED. R. CIV. P. 26(a)(1).

A Rule 16 initial scheduling conference will be held by telephone on **August 4, 2015, at 9:00 a.m. at the Court's "meet-me" line, (505) 348-2356**. A reliable long-distance carrier is recommended to ensure sound quality. This line can only accommodate up to five telephone lines, including the Court's; if the parties anticipate that they will exceed this capacity, they must contact the Court immediately so that alternative arrangements may be made. Counsel should be prepared to discuss discovery needs and scheduling, all claims and defenses, initial disclosures, and the timing of expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2). Counsel should also be prepared to discuss the use of scientific evidence and whether a *Daubert* hearing is needed.[1] In addition, we will discuss settlement prospects and alternative dispute resolution possibilities. Client attendance is not required.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

---

[1] *See Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993).

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.