IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LINCOLN BENEFIT LIFE COMPANY,**

          **Plaintiff,**

vs.                                             Civ. No.  14-1077 JCH/WPL

**BERTHA GUERRERO, IGNACIA CISNEROS,**
**and IMARA GUERRERO, Personal Representative**
**of Estate of Decedent Neftaly Guerrero,**

          **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff Lincoln Benefit Life Company's Motion for Interpleader, Dismissal, and Attorney's Fees and Costs [Doc. 28]*. Although Defendants Bertha Guerrero and Ignacia Cisneros did not respond to the motion, Imara Guerrero filed her response [Doc. 33], to which Plaintiff replied [Doc. 35].

## BACKGROUND

Plaintiff, Lincoln Benefit Life Company ("Lincoln Benefit"), issued a life insurance policy ("the Policy") to Neftaly Guerrero ("the Decedent"), for a death benefit in the amount of $125,000.00. Doc. 4-1. The Decedent designated his then wife, Defendant Bertha Guerrero ("Bertha") as the primary beneficiary. He designated Bertha's mother, Defendant Ignacia Cisneros ("Cisneros"), as the contingent beneficiary.[1]

In 2003, the Decedent and Bertha divorced. The order entered by the Second Judicial District Court, Bernalillo County, New Mexico, dissolved their marriage but made no mention of

---

[1] Cisneros has since released and disclaimed any right or interest she may have in the Policy proceeds. Doc. 8. Thus, at this time only Bertha and the estate assert claims to the proceeds.

the Policy, nor did it provide that Bertha would remain the primary beneficiary. Doc. 4-2. The Decedent died on March 2, 2014. In August of 2014, Lincoln Benefit received notice of the Decedent's death, as well as the fact of his previous divorce from Bertha. In August of 2014, Lincoln Benefit received a copy of the order dissolving the marriage, as well as a claim from Bertha for the proceeds under the Policy. Lincoln Benefit took the position that, based on a New Mexico statute[2], Bertha and Cisneros' beneficial interests may have been revoked upon the dissolution of the marriage between Bertha and Decedent. According to Lincoln Benefit, it cannot determine what right, if any, Bertha and Cisneros have to the Policy proceeds, and that if neither has a right to those Proceeds, then Decedent's estate has a potential right to the proceeds.

On June 18, 2015, Defendant Imara Guerrero ("Imara") filed her answer [Doc. 18] to the Amended Complaint. Imara is the Personal Representative of Decedent's estate. In her answer, Imara asserted that neither Bertha nor Cisneros has a right to the Policy proceeds, and that instead those proceeds should accrue to the estate. In addition, on January 19, 2016, Imara filed a motion for summary judgment [Doc. 38] asserting that the estate is entitled to the Policy proceeds.

Lincoln Benefit does not dispute that the Policy's proceeds are payable. Rather, Lincoln Benefit's motion seeks an order permitting it to interplead the insurance death benefits at issue, discharging Lincoln Benefit from all liability "related in any way to the Policy" and the benefits due, dismissing it from the action, enjoining the Defendants from commencing any other actions against Lincoln Benefit relating to the Policy, and awarding it attorney's fees and costs.

---

[2] NMSA 1978, § 45-2-804(B)(1).

## **LEGAL STANDARD**

Interpleader is a statutory remedy that offers "a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1704 (3d ed. 2001). The interpleader statute provides that a party may bring an interpleader action if the party has in its possession property valued at $500 or more to which "[t]wo or more adverse claimants, of diverse citizenship ... are claiming or may claim" ownership. 28 U.S.C. § 1335. The statute requires the interpleader plaintiff to deposit the disputed property into the registry of the court or post a bond with the court. *Id*. The claims to the asset need "not have a common origin" nor be identical. *Id*. Instead, the statute requires that the claims to the disputed fund be "adverse to and independent of one another." *Id*. Thus, the key statutory requirements of interpleader jurisdiction are: (1) an identifiable stake, or res, valued at $500 or more; (2) against which adverse claims are brought. If those requirements are met, interpleader jurisdiction is proper and federal courts are empowered to enjoin claimants from "instituting or prosecuting any proceeding in any State or United States court affecting the property . . . involved in the interpleader action." 28 U.S.C. § 2361. The court may then discharge the interpleader plaintiff of any further liability and make the injunction permanent, thereby allowing the interpleader plaintiff to withdraw and leaving the interpleader defendants to prosecute their competing claims to the disputed property among themselves. *See id*. Thus, interpleader suits are focused on adverse claims to a single, identifiable stake, or res, that is under the control of the interpleader plaintiff and can be delivered to the registry of the court. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (recognizing that the legislative purpose of interpleader is "to remedy the problems posed by

multiple claimants to a single fund"). The court's power to grant an injunction under the Interpleader statute is limited to enjoining adverse claims to the identified stake. *Id.* at 533-36 ("In this situation, the fund itself is the target of the claimants. It marks the outer limits of the controversy.").

## **DISCUSSION**

The question before the Court is whether Lincoln Benefit is entitled to interpleader and injunctive relief under 28 U.S.C. § 1335. Bertha did not respond to Lincoln Benefit's motion. Imara filed a response in which she stated that she does not oppose Lincoln Benefit's request for injunctive relief and discharge from the action, but that she does object to the breadth of the injunction that Lincoln Benefit is requesting. She further stated that she does not oppose an award of reasonable attorney's fees to Lincoln Benefit, but that she opposed the specific amount requested because Lincoln Benefit has not provided her with proper supporting documentation for its requested fees.

The Court concludes that Lincoln Benefit is entitled to interpleader and may deposit the Policy proceeds in the registry of this Court. Lincoln Benefit does not dispute that it has a duty to pay the full proceeds under the Policy. The question that remains is who is entitled to receive the proceeds. Thus, Lincoln Benefit is entitled to receive an injunction against any additional or future claims to the Policy proceeds. However, the Court concludes that the scope of the injunction requested by Lincoln Benefit is overbroad. The duty to pay the policy proceeds is but one duty that an insurance company owes to its insured. By fulfilling that duty alone, an insurance company does not necessarily buy itself protection from claims arising from the breach of any other duty that it may have committed in relation to the Policy. Accordingly, the motion for interpleader should be granted in part.

The amount of attorney's fees to which Lincoln Benefit may be entitled is unclear. In their briefs, the parties suggest that at least some fees are appropriate, and that given time they may be able to agree to an appropriate specific fee amount. In addition, Defendant Imara Guerrero has filed a motion for summary judgment [Doc. 38], to which Bertha Guerrero has responded. The Court addresses that motion in a separate Memorandum Opinion and Order. As a result, the Court concludes that in the event the parties are not able to reach an agreement as to fees, Lincoln Benefit may file its motion for attorney's fees and costs no later than 21 days after entry of an order by this Court ruling on Imara Guerrero's motion for summary judgment.

**IT IS THEREFORE ORDERED** that:

1) *Plaintiff Lincoln Benefit Life Company's Motion for Interpleader, Dismissal, and Attorney's Fees and Costs [Doc. 28]* is **GRANTED**;

2) If necessary, Lincoln Benefit may file its motion for attorney's fees and costs no later than 21 days after entry of an order by this Court ruling on Imara Guerrero's motion for summary judgment;

3) Plaintiff Lincoln Benefit may interplead the insurance death benefits at issue in this case;

4) Plaintiff Lincoln Benefit must place the $125,000.00 in death benefits into the registry of this Court no later than 10 days after entry of this Memorandum Opinion and Order;

5) Once Lincoln Benefit has placed the proceeds into the Court registry, it must immediately notify this Court in writing, at which point the Court will enter a permanent injunction in accordance herewith and an order dismissing Lincoln Benefit from this case.

_____
**UNITED STATES DISTRICT JUDGE**